NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BILLY R. JACKSON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3098

---

Petition for review of the Merit Systems Protection Board in MSPB Docket No. DC315H030217-I-1.

---

Decided: October 9, 2012

---

BILLY R. JACKSON, of Glen Burnie, Maryland, pro se.

SARA B. REARDEN, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE and REYNA, *Circuit Judges*, and KRIEGER[*],
*District Judge.*

PER CURIAM.

Billy R. Jackson appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing his petition for review as untimely filed. *See Jackson v. Dep't of Army*, No. DC315H030217-I-1 (M.S.P.B. Mar. 7, 2003) ("*Initial Decision*"); *Jackson v. Dep't of Army*, No. DC315H030217-I-11 (M.S.P.B. Dec. 16, 2011) ("*Final Order*"). Because the Board did not abuse its discretion, we *affirm*.

## BACKGROUND

Jackson was employed as a Police Officer by the Army. In late 2002, during a probationary period, the Army removed him from his position. Jackson appealed his removal to the Board. In March, 2003, the administrative judge ("AJ") assigned to the appeal issued an Initial Decision dismissing Jackson's appeal for lack of jurisdiction. *Initial Decision*, at 2–3. In particular, the AJ concluded that Jackson failed to show that his appeal fell within the Board's limited jurisdiction to review employee removals made during a probationary period. Jackson did not timely file a petition for review by the full Board and the Initial Decision became the final decision of the Board. He then failed to appeal to this court.

Eight years later, in 2011, Jackson petitioned the full Board to review the Initial Decision. The Board dismissed Jackson's petition, finding that Jackson failed to establish good cause for the late filing. *Final Order*, at 2–3. First, the Board found that Jackson's medical evidence

---

[*]    Honorable Marcia S. Krieger, District Judge, United States District Court for the District of Colorado, sitting by designation.

showed that he underwent medical treatment a few months before the Initial Decision issued, not during the eight-year delay period, and thus it did not support a finding of good cause. Second, the Board found that the record showed that the Initial Decision was mailed to the address that Jackson provided the Board and was thus presumptively delivered to Jackson. In any event, the Board concluded that even if Jackson did not receive the decision, he failed to explain why he waited more than eight years to contact the Board, the AJ, or the regional office to check on the status of his appeal. After concluding that Jackson failed to establish good cause for the late filing, the Board dismissed Jackson's petition as untimely filed.

Jackson appealed to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The Board's decision is supported by substantial evidence "if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

Board regulations provide that a petition for review of an initial decision must be filed within 35 days after issuance of the initial decision or, if the petitioner shows

that he received the initial decision more than five days after its issuance, within 30 days of receipt of the initial decision. 5 C.F.R. § 1201.114(d). The Board can waive the time limit if the petitioner shows good cause for the delay. *Id.* § 1201.114(e). To establish good cause, the petitioner must demonstrate that he exercised due diligence or ordinary prudence under the circumstances. *Phillips v. U.S. Postal Serv.*, 695 F.2d 1389, 1391 (Fed. Cir. 1982). Whether a regulatory time limit should be excused for good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (*en banc*).

Jackson argues that he never received the Initial Decision. To support his argument, he points to a phone call in 2011 in which he was told by a Board employee that his case records were still at the Board's office and that those records indicated that the Board had not rendered a decision. In addition, Jackson points to his medical treatment from November, 2002 to January, 2003. Thus, argues Jackson, the Board's dismissal of his petition for review should be reversed.

The government responds that the Board did not abuse its discretion in dismissing Jackson's petition as untimely filed. It argues that the evidence shows that the Initial Decision was mailed to Jackson's address and that, even if the decision was not mailed to his address, Jackson did not exercise due diligence because he did not contact the Board for more than eight years after the decision issued. Finally, it argues that Jackson failed to show that his medical condition and treatment, which occurred prior to the issuance of the Initial Decision, affected his ability to file a timely petition for review.

We agree that the Board did not abuse its discretion in dismissing Jackson's petition. First, the signed certificate of service on the Initial Decision states that the decision was sent by regular mail to Jackson at the address he provided the Board. That address is the same address that Jackson, in this appeal, provided both the Board and this court. Moreover, it was within the Board's discretion to find that even if Jackson did not receive the Initial Decision, he still failed to exercise ordinary prudence during the eight-year span between when the Initial Decision was mailed and when Jackson filed his petition for full Board review. There is no evidence that Jackson inquired about the status of his appeal prior to 2011, even under Jackson's recollection of events. Finally, while evidence of a medical condition can excuse an untimely filing, *Pyles v. Merit Sys. Prot. Bd.*, 45 F.3d 411, 415 (Fed. Cir. 1995), Jackson failed to show that his medical condition or his treatment prior to the issuance of the Initial Decision provided good cause for the over eight-year delay in filing his petition for full Board review. In sum, Jackson has failed to show that the Board abused its discretion in denying his petition.

We have considered Jackson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is

**AFFIRMED**

COSTS

No costs.